IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
OCT 29 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

**ARLANDRA HARVEY**                                                    **PLAINTIFF**

Versus                                       CIVIL ACTION NO. 2:14cv176KS-MTP

**SOUTHEAST MISSISSIPPI RURAL**
**HEALTH INITIATIVE, INC., and**
**Its HATTIESBURG HIGH SCHOOL**
**AND COMMUNITY CLINIC**                                               **DEFENDANT**

## COMPLAINT

The plaintiff sues the defendant on the following grounds:

1. Arlandra Harvey is an adult resident citizen of the State of Mississippi.

2. Hattiesburg High School and Community Clinic is one of the medical clinics operated by Southeast Mississippi Rural Health Initiative, Inc., which is a federally-funded medical facility located in the State of Mississippi and which falls under the protection of the Federal Tort Claims Act, and can be served with process by serving Pati Landrum, Director of Corporate Compliance, 5488 U.S. Highway 49 South, Hattiesburg, MS 39401.

3. This Court has subject matter jurisdiction because the claim must be brought under the Federal Tort Claims Act which raises a federal question. The Court has personal jurisdiction over the parties because the acts of negligence alleged herein occurred in Forrest County, MS.

## STATEMENT OF FACTS

4. Arlandra Harvey ("Harvey") sought medical treatment at Medical Clinic ("Clinic") on January 14, 2013, because he had a small abscess in the pubic area on his leg near his scrotum.

5. The medical care was sought from Clinic through an employee nurse practitioner, Patricia Hipps or Salena Steade, who failed to make a proper diagnosis of the condition, advising Harvey to take pain medication and some antibiotics and return to see the nurse practitioner in five (5) days if the condition worsened. Further, the nurse practitioner failed to make a personal examination of the affected area at the time of the visit, or to take any cultures or conduct other proper diagnostic testing. The Clinic failed to refer Harvey to an emergency room.

6. Over the course of the next two days, Harvey followed the nurse practitioner's advice, but by January 16, 2013, two days later, he was unable to lift himself out of a bathtub where he was attempting to soak the abscess.

7. He was taken to the emergency room at Forrest General Hospital who immediately diagnosed him with a very serious medical condition and transferred him emergently to Jackson, MS, to the University Medical Center.

8. Harvey underwent emergency medical surgery at University Medical Center on January 16, 2013, to alleviate the condition known as Fournier's Gangrene.

9. Harvey stayed in University Medical Center for several months including spending a number of days in the Intensive Care Unit. During this time, the outcome of Harvey's medical condition was extremely serious and life-threatening.

10. Harvey has had to sustain on-going medical treatment as a result of the Fournier's Gangrene which was mis-diagnosed by the nurse practitioner.

11. The acts of negligence of the nurse practitioner, who was an employee of Clinic, and for which the Clinic is liable under the Doctrine of Respondeat Superior, include, but are not limited to the following:

    a. Failure to properly examine the patient;

      b.     Failure to properly diagnose the patient;

      c.     Failure to give adequate antibiotic therapy;

      d.     Failure to refer patient to emergency room;

      e.     Failure to undertake cultures to determine the nature of the condition suffered by the patient;

      f.     Mis-documenting the treatment that was rendered to the patient; and,

      g.     Failure to advise the patient of potential progression of his condition and the need for further treatment.

12.    As a result of the negligence of the Clinic, by and through its nurse practitioner, Harvey has incurred unnecessary medical bills in the approximate amount of $251,039.03, and treatment is still on-going for his condition. Further, Harvey was off from work for a long period and sustained lost wages. Harvey has also suffered unimaginable pain and suffering, anxiety, emotional distress, disfigurement, loss of enjoyment of life, and other injuries which will be more particularly proved at trial.

WHEREFORE, premises considered, the plaintiff requests judgment in the amount of $5,000,000.00 for compensatory damages, plus any attorneys fees, expenses, pre- or post-judgment interest, and costs of Court allowed by law.

Respectfully submitted this the 29th day of October, 2014.

ARLANDRA HARVEY, Plaintiff

By: _____
Robin L. Roberts, His Attorney

Robin L. Roberts (MB #5596)
Roberts and Associates
P. O. Box 1953
Hattiesburg, MS 39403-1953
(601) 544-0950; (601) 450-5395 (fax)
Email: robin@rablaw.net